ORRAY TAFT & COMPANY v. HANDEL N. DAGGETT.

The bar of the statute of limitations cannot, in Rhode Island, be indefinitely postponed by continuances of process issued from term to term, as under the English practice and statutes; but the 8th section of ch. 177, of the Rev. Stats. allows *one year*, and one year only, after the defeat, from inability to serve the writ, of an action commenced in due time, within which to bring a new action for the same cause.

ASSUMPSIT, to recover four hundred and thirty-five dollars and sixty cents, the amount of a promissory note, dated February 3, 1852, and made by the defendant, together with one Homer M. Daggett, his copartner in the firm of H. N. & H. M. Daggett, to the plaintiffs, and payable to the plaintiffs or order, six months after date.

The writ was dated June 28, 1859, and was served by an arrest of the defendant on the same day.

Pleas, the statute of limitations and the general issue.

The plaintiff joined in the general issue, and to the plea of the statute, replied in substance, *first*, that the causes of action did accrue to the plaintiff within six years next before the commencement of the action, with a conclusion to the country; and, *second*, that within the six years, to wit: on the 17th day of July, 1858, for the recovery of said note, they sued out of the supreme court for the county of Providence, a writ of arrest in assumpsit, against the defendant and the said Homer M., and on the same day delivered said writ to a deputy sheriff of the county of Providence for service; that on the fourth Monday of September, 1858, on which day said writ was returnable to said court, the said deputy sheriff returned the said writ to said court, without service, for want of the body, goods, and chattels of said Handel and Homer to be by him found within his precinct; that on said fourth Monday of September, 1858, the plaintiffs came by their attorney, Rollin Mathewson, to said court, and offered themselves against said Handel and Homer; and that said Handel and Homer, and neither of them, appeared in said court according to the exigency of said writ; that the plaintiffs thereupon sued out another like writ, returnable to

said court here on the fourth Monday of March, 1859, for the said Handel and Homer to answer the complaint of the plaintiffs in the action aforesaid; that the same day was given to the plaintiffs there, &c. where said last-mentioned writ afterwards, and before the said return thereof, to wit: on the 24th day of February, 1859, was delivered to another deputy sheriff of said county, who, on the said fourth Monday of March, 1859, made the like return to said court; and that the said Handel and Homer, although the plaintiffs appeared on that day and offered themselves against them, did not appear at said court to answer the exigency of said writ; that, thereupon, the plaintiffs sued out another like writ, returnable to said court here, on the fourth Monday of September, 1859, for the said Handel and Homer to answer the complaint of the plaintiffs in the action aforesaid, and the same day being given to the said plaintiffs there, &c. on the same day the plaintiffs by their said attorney, and the said defendant, Handel N. Daggett, by his attorneys, C. T. & J. Tillinghast, came according to the exigency of said last-mentioned writ; and the plaintiffs offered themselves twelve days before the return of said writ, to wit, on the 14th day of September, in the year last aforesaid, against said Handel N. Daggett in the action aforesaid; as by the record and proceedings thereof remaining in said court here more fully and at large appears. That said several writs were respectively so sued and prosecuted by the plaintiffs against said Handel and Homer, with the intent to implead said Handel and Homer upon and for the several causes of action in the declaration mentioned, and to cause them to appear in the said court here to answer the complaint of the plaintiffs in said action, and with intent to declare against them for the said several causes of action in the said declaration mentioned; that according to their said intent the plaintiffs, afterwards, to wit: on the day and year last aforesaid, declared upon said last-mentioned writ against the said Handel N. Daggett, and that said several causes of action in the declaration mentioned did accrue to the plaintiffs within six years next before the issuing against the defendant of said last mentioned writ, and that this they are ready to verify, &c.

The defendant joined issue upon the plaintiffs' first replication, and to the second rejoined, that there is not any record of the said original writ sued by the plaintiffs upon the 17th day of July, 1858, and of the return thereof, remaining in the court here, and that the writ in this cause upon which the defendant was arrested and upon which the plaintiffs have declared, is an original writ of arrest, sued out by the plaintiffs in this cause on the 28th day of June, 1859, and is not a continuation of, or an alias or pluries of said writ sued out upon the 17th day of July, 1858.

To this rejoinder the plaintiffs demurred generally, and the defendant joined in demurrer.

*Markland,* for the plaintiffs.

The authorities are all agreed, that where to a plea of the statute of limitations the plaintiff replies the issuing of process with continuances, as is the case here, the first should be stated to have been returned. 2 Saund. 63 *d, e ;* Willes, 255 ; 2 Bos. & Pul. 157 ; Angell on Lim. § 318. As to this there is no dispute, and the replication, which is in the most approved form, is framed accordingly. 3 Chitty's Pl. 1153 ; 4 Barn. & Cressw. 625. But the answer relied on by the plea is the want of enrolment of the first writ ; and that because the last writ upon which the defendant was arrested was an original writ and not an alias or pluries writ, it is not a continuance of the first writ. These matters, however, are no answer to the plaintiffs' replication. With us, enrolment of the first writ was unnecessary, there being no rule of law or practice in this state on the subject, and the nature and simplicity of our practice being against it. Nor was it necessary that the last writ should have been an alias or pluries. In New York, and also in England, prior to the passage of the uniformity of process act, 2 Wm. IV. c. 39, § 10, both these matters were mere matters of practice. 1 Tidd's Pract. (1st Am. ed. 1807), 91 ; 3 Chitty's Gen. Pract. 406 ; *Plummer* v. *Woodburne,* 4 Barn. & Cressw. 625 ; *Taylor* v. *Hipkins,* 5 B. & Ald. 489. The defendant's notion is evidently founded upon this practice. But the English practice is materially different from ours ; with us, the sheriff does not return the writ to the court, but to the attorney, from whom he received

it; and the cause is never docketed until the declaration is filed pursuant to the statute. Moreover, we have no process roll, as they have in England, distinct from the appearance and judgment roll. 1 Tidd's Pract. (1st Am. ed., Pref.) Nor is there any rule of law or practice for the preservation of such writs. To file them would expose them to loss. Indeed, in England, it seems, the practice was not to file the first writ until it became necessary to do so in support of a replication stating a writ issued, to save the statute, with continuances as here. 3 Chitty's Gen. Pract. 406. But this was not done, because there was no precedent for, nor anything in our practice, to authorize it. The replication contains sufficient notice of the existence of the writ, which being in fact returned, as is admitted by the plea, though not enrolled, the defendant should have traversed the return and not the enrolment, to agree with our practice. The defence of want of enrolment, therefore, is a surprise; and the court will not suffer the plaintiffs to lose their debt for want of a technical formality, when they have shown their non-acquiescence in the bar of the statute by issuing their writ in time, and by proper continuances, which are merely formal, and may be entered at any time. 6 Term Rep. 257; 7 Ib. 618; 3 Brod. & Bing. 212; 1 Bing. 324; 5 Barn. & Cressw. 341. The plaintiffs have connected this writ with the process upon which the defendant was arrested, and to prevent such loss the court may, if they think it necessary, permit the record to be amended by filing the writ now. 3 Chitty's Gen. Pract. 407; *Smith* v. *Bower,* 3 Term Rep. 664 (per Ashurst, J.); Angell on Lim. § 320; *Plummer* v. *Woodburne,* 4 Barn. & Cressw. 625; Rev. Stats. 445, § 5. As to the matter that the last writ is not a continuance of the first because it is an original and not an alias or pluries, that is matter of law, and in this respect the plea is bad, as putting in issue matter of law to be tried by the jury. 1 Chitty's Plead. 540. And being matter of law it is not admitted by the demurrer. Gould's Plead. 471, § 29. But as to the fact that the last writ was an original one and not an alias or pluries, that is undoubtedly admitted by the demurrer, if well pleaded; but what of it? As to this, it is sufficient to say, that it is the only alias known to our practice,

23 *

even in the case of an alias execution, which is the only alias writ known to us, and which there is nothing to distinguish from an original, but a simple indorsement of the word *alias* by the clerk. But it was not necessary that it should have been an alias or pluries. The replication does not allege that it was, nor was it necessary. The plaintiffs say that all the writs were to recover in respect of the same cause of action. The last writ here is undoubtedly a good continuation of the first. *Plummer* v. *Woodburne,* supra; 3 Chitty's Plead. 1152, n. f.; 3 Black. Com. 287, 288.

*James Tillinghast,* for the defendant.

1. The writ upon which the defendant is arrested must be a *continuance* of the original writ; otherwise it does not avoid the bar of the statute. 2 Saunders's Rep. 63, d. E. J. note b.; *Soulden* v. *Van Rensselaer,* 3 Wend. 476; *Smith* v. *Bower,* 3 Term Rep. 662, particularly per Buller, J.; *Davis* v. *West,* 5 Wend. 63; *Bank of Orange Co.* v. *Haight,* 14 Wend. 83; *Hume* v. *Dickinson,* 4 Bibb, (Ky.) 276; 2 U. S. Dig. 820, § 644. Our writ is not a latitat, but an original writ, and continuances are not necessary when the process is by an original. 1 Wils. 167, 168; Angell, Lim. § 318.

2. The return of the original writ, and the continuances, must be shown by the record. They cannot be shown by parol. See cases cited above. See, also, *Fowler* v. *Williams,* 3 Brevard, (S. Car.) 414.

AMES, C. J. There is nothing in our practice which warrants, as this replication supposes, the continuance from term to term of the process for the commencement of an action, by which the bar of the statute of limitations may be indefinitely postponed. We have no process roll upon which to enter each successive writ returned *non est,* whether at a time regulated by practice or by statute, — no alias or pluries summons or capias issuable in renewal of a former writ, to be filed in court, with or without return, as the practice, or statute regulating it, may require; and the old general English practice in these respects, is quite as foreign to us, and finds as little in our modes of proceeding to rest upon, as the statutes of 2 and 3 Wm. IV. ch. 39, and 15 and 16 Vict. ch. 76, which have successively modified it.

But more than this, the 8th section of chap. 177 of our Revised Statutes expressly allows and limits the period of one year, after the abatement avoidance or defeat, "for any matter," of an action commenced within the period of general limitation, within which, though beyond that period, a new action may be commenced for the same cause.  By this plain and comprehensive provision, applicable to every action commenced within time, which, without coming to the merits, has been defeated or avoided, our legislation has recognized, as far as was deemed proper, the policy of the English practice, as well as provided for other cases not reached by it.  If, therefore, the entire novelty in our practice of this mode of indefinitely postponing the operation of the statute did not condemn it, this clause of the statute, as inconsistent with it, certainly would.

Besides, the effect of allowing this novelty would be to set up a mode in which the amendment of 1857, in respect to absent defendants, might be contravened.  By that amendment, found in the 5th sect. of chap. 177 of the Revised Statutes, absence from the state saves the bar between, and only as between, residents; leaving it in force, as it ought to be, between citizens of other states, and between our own citizens and such.  Against absent residents no such practice is needed to keep alive a cause of action.  The citizens of other states are properly suable at home in the state or federal courts,—tribunals quite sufficient to answer all the demands of justice; and ought not, because at home, to be forever exposed by such continuances, to suit here upon claims long barred by the law of their respective domicils, the policy and even terms of which are, in general, so precisely identical with our own.

The effect of the 8th section of the statute upon this action, in the position in which the pleadings present it, remains, however, to be considered.  The note counted upon fell due in the early part of August, 1852; and would consequently be barred by the six years' limitation of the statute in the early part of August, 1858.  Now, the replication avers, that on the 17th of July, 1858, before the bar was complete, the plaintiffs commenced an action upon this note against the defendant, by a writ issued out of the clerk's office of this court, returnable on

the fourth Monday of September, 1858, and that this writ was, on that day, duly returned *non est*, by the deputy sheriff charged with its service. It was long ago decided here, that the mere issuing of a writ with the intent to have it served, was the commencement of an action within the meaning of our statute of limitations (*Hall* v. *Spencer*, 1 R. I. Rep. 17); and the avoidance or defeat of the plaintiffs' action thus commenced, by their inability to serve the defendant, brings it, in our judgment, within the saving of the above section of the statute. This writ, by our law, expired twenty days before the fourth Monday of September, 1858, the first day of the court to which it was returnable, which fell on the seventh day of September of that year; and as the present writ was issued on the 28th day of June, 1859, this action was commenced within a year of the defeat of a former action commenced within the time of general limitation, and so within the time in such case limited by the statute.

With surplusage, it is true, the replication thus sets up facts which avoid the bar of the statute; and there is nothing in our law or practice which requires, as the rejoinder, to be a good one, supposes, that an ineffectual writ must be recorded in the court which issues it, in order that it may, as the commencement of an action, extend the time of suit.

*The demurrer to the defendant's rejoinder must therefore be sustained, and the plea of the statute overruled.*